*BROOKE, P.
As the merits of this case must depend on the construction of the order of the 1st October 1820, drawn by Fawcett on Baker, I shall confine myself to that point only.
It is insisted for the appellant, that this order was an equitable transfer of the money due by Carlisle to Fawcett, or so much thereof as was equal to the amount due by Fawcett to the appellant. Fawcett’s administrators claim it, as being still part of his estate, for the benefit of his creditors, to whom it is payable in due course of administration. In examining this question, *241 as there is no pretence of fraud or mistake, the meaning and intention of the parties must be collected from the terms of the order itself. The general rule is,, that a power ceases with the life of the person who gives it. The exception to the ~ule is, that if the power be coupled with an interest, it survives the person giving it. But such an interest to be coupled with the power, must be an interest in the subject, on which the power is to be exercised; not an interest only in that which is produced by the exercise of the power itself; in other words (as is said by the chief justice Marshall in the case of Hunt v. Rousmanier, 8 Wheat. 204) the power must be ingrafted on an estate in the thing. I think it impossible to give to the order before us, a construe!ion that would give the appellant an interest in the money due by Carlisle, in exclusion of the rights of the drawer Fawcett in his lifetime, or of his representatives since his death. It contains no words cf transfer or assignment. The word pay, in the order, though generally a word of transfer, was not used in that sense; for if it was, it would assign over the whole of the money due by Carlisle to Fawcett, which was certainly not intended. Those words of the order, “if I should not happen with you,” limited the power both of Baker to pay, and of the appellant to receive, to the case of Fawcett’s being absent. Nor did this condition affect any right of the appellant to receive the money; it formed no stipulation between the parties to the order; it was merely directory to Baker, and indicated *to him, that the appellant was to supply the place of the drawer, in case he was absent when the money was received from Carlisle, and to receive the money for him (Fawcett) not for himself. The words in the order, “as I am indebted to him about 200 dollars,” do not affect this construction : they only assign the motive of the drawer for substituting the appellant to receive the money in his absence. If any stipulation had been intended, it would have been expressed in other terms: if the order had been intended as a payment, the sum due would have been more accurately ascertained.' That was clearly left to be ascertained after the money should be received by the apjjellant (as the agent, I think, of Fawcett) as was also the surplus cf the money due from Carlisle over and above what should suffice to satisfy the appellant. That the order was not intended as a security for the money due from the drawer to the appellant, is quite manifest; as that idea is inconsistent with the right reserved to the drawer, to receive the money himself, if present. A security that could be thus defeated, would be worthless. The power given to the appellant, to receive not only the amount that might be due to himself, but the excess above that sum due from Carlisle to the drawer, in the event that he was not present to receive it himself, was, I think, a naked power as to the whole subject, and gave to the appellant no lien in equity on the fund on which the order was drawn. He could in no form of action have claimed either the money or any part of it of Baker, or of the attorney in whose hands the bond of Carlisle had been placed for collection. The right of the drawer to receive it himself, by the terms of the order, survived to his representatives. The cases cited by the appellant’s counsel, are intirely consistent with this opinion. Row v. Dawson was a case in which the interest was coupled with the power to receive the money: the order was drawn on a present consideration, in payment for money lent at the time; and though not a bill of exchang-e, was an equitable transfer of its amount, and attached on the fund on which it was *drawn. The case of Yeates v. Groves was an order given on a specific fund, for a foregone consideration ; but the original note for the amount was given up to the drawer. It was a power coupled with an interest in the subject drawn on. T think the decree is correct.
The other judges concurred, and the decree was affirmed.